UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RASHAAD SLAUGHTER, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| PLAINTIFF | § § § | |
| v. | § § | CIVIL ACTION NO. 4:17-cv-1210 |
| KATY FURNITURE, LLC AND AMIR MAHDEJIAN, INDIVIDUALLY, | § § § § § | |
| DEFENDANTS | § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Rashaad Slaughter, on behalf of himself and all others similarly situated, brings this Collective Action against Defendants Katy Furniture, LLC and Amir Mahdejian, Individually ("Defendants") and in support would show as follows:

### I. PRELIMINARY STATEMENT

1.1 This is an action for failure to pay overtime compensation brought under the Fair Labor Standards Act ("FLSA"). Defendants sell furniture to the public in Katy, Texas. Rashaad Slaughter was employed by Defendants as a non-exempt driver's assistant from March 2015 through February 2017. Mr. Slaughter's primary duties were to load and deliver furniture within the State of Texas. Mr. Slaughter consistently worked more than forty hours per week, but was never paid an overtime premium for any hours worked over forty.

1.2 Slaughter, on behalf of himself and all others similarly situated, brings this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.3     For at least three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay overtime premiums to their drivers and assistant drivers for hours worked in excess of forty hours per week.  In fact, Defendants failure to pay overtime was not just limited to its drivers and assistant drivers.  Defendants paid all of their employees on a salary basis, regardless of whether they were exempt or not, and required all employees to work Monday through Saturday.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendant Katy Furniture, LLC because this entity conducts business in Texas and has entered into relationships with Plaintiff in Texas, and committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.    PARTIES

**A.     Plaintiff**

3.1     Plaintiff Rashaad Slaughter is an individual residing in Fort Bend County, Texas.   His notice of consent is attached hereto as Exhibit A.

**B.     Defendants**

3.2     Defendant Katy Furniture, LLC is a domestic limited liability company formed and existing under the laws of the State of Texas and maintains and operates its principal office in Houston, Texas.

3.3     Defendant Katy Furniture, LLC was an employer of Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

3.4     Defendant Katy Furniture, LLC can be served with process by serving its registered agent for service of process, Amir Mahdejian, at 1303 Price Plaza Drive, Katy Texas 77449, or at 1620 North Westgreen Blvd., Katy Texas 77449, or wherever else he may be found.

3.5.    Defendant Amir Mahdejian is an individual who resides in Harris County, Texas.

3.6     At all times relevant to this claim, Defendant Amir Mahdejian acted directly or indirectly in the interest of Defendant Katy Furniture, LLC in relation to the employment of Plaintiff and those similarly situated.

3.7     At all times relevant to this claim, Defendant Amir Mahdejian was substantially in control of the terms and conditions of the work of Plaintiff and those similarly situated.

3.8     Defendant Amir Mahdejian was an employer of the Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

3.9     Amir Mahdejian may be served with process at 1303 Price Plaza Drive, Katy Texas 77449 or at 1620 North Westgreen Blvd., Katy Texas 77449, or wherever else he may be found.

## IV.     FLSA COVERAGE

4.1     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2     At all relevant times, Defendant Katy Furniture, LLC had gross operating revenue in excess

of $500,000.00.

4.3     At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4     At all relevant times, Defendants employed "employees", including Plaintiff and those similarly situated, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5     At all relevant times, Defendants employed two or more persons in interstate commerce.

4.6     At all relevant times, Defendant Katy Furniture, LLC has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7     At all relevant times, Plaintiff and those similarly situated were individually engaged in interstate commerce or in the production of goods for commerce while performing their job duties for Defendants.

4.8     At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendant Katy Furniture, LLC operates a furniture showroom in Katy, Texas, where it sells furniture to the public.

5.2     Defendants employed Rashaad Slaughter during the three-year period preceding the filing of this Complaint. Specifically, Mr. Slaughter was employed from October 2015 through February 2017 as a driver's assistant.

5.3     Defendants paid Rashaad Slaughter and those similarly situated on a salary basis. Mr. Slaughter and all those similarly situated consistently worked over forty hours per week. Mr. Slaughter and all those similarly situated were non-exempt employees. However, Defendants

neither tracked their time nor did they pay overtime premiums for any hours worked over forty per week.

5.4     Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.5     Defendants maintained and exercised the power to hire, fire, and discipline Plaintiff and those similarly situated during their employment with Defendants.

5.6     Plaintiff and those similarly situated were required to comply with Defendants' policies and procedures in performing their work during their employment with Defendants.

5.7     As one of the owners of Defendant Katy Furniture, LLC, Amir Mahdejian independently exercised control over the work performed by Plaintiff and those similarly situated.

5.8     Amir Mahdejian is responsible for running the day-to-day operations of Defendant Katy Furniture, LLC

5.9     Amir Mahdejian, acting directly in the interest of Defendant Katy Furniture, LLC, determined the wages to be paid to Plaintiff and those similarly situated.

5.10    Amir Mahdejian, acting directly in the interest of Defendant Katy Furniture, LLC, determined the work to be performed by Plaintiff and those similarly situated and monitored and directed such work on a regular basis.

5.11    Amir Mahdejian, acting directly in the interest of Defendant Katy Furniture, LLC, determined the locations where Plaintiff and those similarly situated would work.

5.12    Amir Mahdejian, acting directly in the interest of Defendant Katy Furniture, LLC, determined the hours of Plaintiff and those similarly situated.

5.13    Amir Mahdejian, acting directly in the interest of Defendant Katy Furniture, LLC, determined the conditions of employment for Plaintiff and those similarly situated.

5.14    Amir Mahdejian, acting directly in the interest of Defendant Katy Furniture, LLC, maintained employment records on Plaintiff and those similarly situated.

5.15    Amir Mahdejian, acting directly in the interest of Defendant Katy Furniture, LLC, possessed and, in fact, exercised the power to hire, fire and discipline Plaintiff and those similarly situated.

5.16    At all times relevant hereto, the Defendants knew of, approved of, and benefited from the regular and overtime work of Plaintiff and those similarly situated. Plaintiff and those similarly situated were not exempt employees.

5.17    Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

5.18    Defendants' actions were willful and in blatant disregard for the federally protected rights of Plaintiff and those similarly situated.

## VI.    COLLECTIVE ACTION ALLEGATIONS

6.1    Other employees have been victimized by the pattern, practice, and policy of Defendants that is in violation of the FLSA. Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other workers.

6.2    Plaintiff brings the first claim for relief on behalf of all persons who worked for Defendants as a driver or a driver's assistant at any time three years prior to the filing of this lawsuit, to the entry of judgment in this lawsuit (Collective Class).

6.3    Defendants paid Plaintiff and the Collective Class on a salary basis and suffered and permitted them to work more than forty hours per week. Defendants did not pay Plaintiff or the Collective Class overtime compensation for any hours worked beyond forty per week.

6.4     Though their job titles may vary, the primary function of members of the Collective Class was to load and deliver furniture within the State of Texas.

6.5     Plaintiff and the Collective Class shared common job duties. Therefore, Plaintiff's experiences are typical of the experiences of other similarly situated employees.

6.6     Defendants' operations with respect to Plaintiff and the Collective Class and wages paid to Plaintiff and the Collective Class are substantially similar, if not identical.

6.7     Defendants' pattern of failing to pay overtime compensation as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of the Plaintiff and the Collective Class.

6.8     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.9     Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiff brings these claims for relief for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff brings these claims on his behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

6.10    Plaintiff requests that Defendants identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, and telephone numbers.

6.11    Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

6.12    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

6.13    Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VII.    CAUSE OF ACTION:  VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

7.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

7.2    Plaintiff and all others similarly situated are non-exempt employees.

7.3    As non-exempt employees under the FLSA, if Plaintiff and all others similarly situated worked over forty hours in a workweek, they were entitled to overtime pay.

7.4    Over the course of the relevant period, Plaintiff and all others similarly situated routinely worked in excess of forty hours per week.

7.5    Even though Plaintiff and all others similarly situated worked in excess of forty hours per week, Defendants failed to pay them an overtime premium for any hours worked in excess of forty per week.

7.6    Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Plaintiff and all others similarly situated overtime premiums for those hours worked over forty per workweek.

7.7    In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff and all others similarly situated.

7.8    No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiff and all others similarly situated overtime compensation for hours worked over forty in a workweek.

7.9     Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation.

7.10    Plaintiff and the Collective Class seek all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Rashaad Slaughter and all others similarly situated respectfully pray that Defendants Katy Furniture, LLC and Amir Mahdejian, Individually, be cited to appear, and that, upon trial of this matter, Plaintiff and the Collective Class recover the following against Defendants, jointly and severally:

    a.    Actual damages for the full amount of their unpaid overtime compensation;

    b.    Liquidated damages in an amount equal to their unpaid overtime compensation;

    c.    Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

    d.    Pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e.    Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,


 /s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com

ATTORNEY FOR PLAINTIFF